IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BUTTERBALL, LLC**                                                                    **PLAINTIFF**

**V.**                            **CASE NO. 3:15-CV-3050**

**JOHN R. ATKINSON;**
**KATHERINE GRAHAM ATKINSON;**
**BOBBY HALL;**
**CRITERION ENERGY, LLC;**
**JOURDON ANDERSON; and**
**HEATHER ANDERSON**                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are the Motion to Dismiss Counts I, II, and III (Doc. 35) and Brief in Support (Doc. 36) filed by Defendants Criterion Energy, LLC ("Criterion"), Jourdan Anderson, and Heather Anderson (collectively, "the Criterion Defendants"), as well as the Response (Doc. 37) to that Motion filed by Plaintiff Butterball, LLC ("Butterball"). For the reasons given below, the Criterion Defendants' Motion is **DENIED**.

## I. BACKGROUND

Butterball filed its original Complaint (Doc. 1) against the non-Criterion Defendants in this case on July 10, 2015. It filed its Second Amended Complaint (Doc. 26) on March 11, 2016, adding claims against the Criterion Defendants for the first time in this lawsuit. Specifically, the Second Amended Complaint brings claims against the Criterion Defendants for fraud, conversion, and civil conspiracy, arising from an alleged scheme by the Criterion Defendants to obtain payments from Butterball for services that were never actually performed. The Criterion Defendants filed their Answer (Doc. 30) on April 21, and their Amended Answer (Doc. 34) on June 23. Then, on August 5, they filed the

1

instant Motion to Dismiss (Doc. 35) all three claims against them pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Second Amended Complaint failed to plead sufficient facts to state a claim upon which relief can be granted. The Motion became ripe for decision on August 22 when Butterball filed its Response (Doc. 37) in opposition.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of the Second Amended Complaint's factual allegations as true, and construe them in the light most favorable to Butterball, drawing all reasonable inferences in its favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

A more demanding pleading standard applies to claims "alleging fraud or mistake." Fed. R. Civ. P. 9(b). Such a claim "must state with particularity the circumstances constituting fraud or mistake." *Id.* In other words, it "must identify who, what, where, when, and how" with regard to the fraud or mistake. *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## III. DISCUSSION

As a threshold matter, Butterball argues that the Criterion Defendants' Motion should be denied as untimely, because it was filed after the Criterion Defendants had already filed their Answer (and, for that matter, their Amended Answer). It is true, as Butterball points out, that Rule 12(b) states that "[a] motion asserting" the defense of failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." However, it is also true, as Butterball concedes, that Rule 12(h)(2) explicitly preserves the availability of this defense all the way through trial. Of particular salience is the fact that Rule 12(h)(2)(B) explicitly permits a party to raise this defense in a motion for judgment on the pleadings pursuant to Rule 12(c)—and "a party may move for judgment on the pleadings" at any time "[a]fter the pleadings are closed," so long as it is done "early enough not to delay trial." Fed. R. Civ. P. 12(c).

Though it is a puzzling and interesting question why the drafters of the Rules chose such a convoluted way of saying that a party may raise this defense at any time from the beginning of the case through trial, the important point here is that if the Criterion Defendants had simply styled the instant Motion as one "for judgment on the pleadings" rather than as one "to dismiss," then there would be nothing untimely about it, and the

3

exact same legal standard would apply. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Given this fact, the Court will simply construe the instant Motion as one for judgment on the pleadings and proceed to the merits of the asserted defense, as this is far more efficient than going through the cumbersome formality of denying this Motion without prejudice as untimely under Rule 12(b) and permitting the Criterion Defendants to raise the very same defense in a separate Motion under Rule 12(c) that is identical in all respects except the title.

Regarding Butterball's fraud claim, the Criterion Defendants argue that the Second Amended Complaint fails to satisfy the heightened pleading standard imposed by Rule 9(b). The Court disagrees. The Second Amended Complaint specifically alleges that while separate Defendant John Atkinson was employed as a manager at Butterball's Green Forest, Arkansas feed mill from May 28, 2012 through September 26, 2014, he, the Criterion Defendants, and others intentionally caused false invoices to be submitted to Butterball by a sham entity called "Haybird Specialties," for electrical services that were purported to have been subcontracted out and directed by the Criterion Defendants but that had never actually been performed, for the purpose (and with the effect) of illegally acquiring funds from Butterball. This is far more than sufficient to provide the Criterion Defendants notice of the alleged fraud's "who, what, where, when, and how." *Costner*, 317 F.3d at 888.

Regarding Butterball's conversion claim, the Criterion Defendants appear to be arguing that "funds" are not "property" that may be converted when they are "voluntarily" paid under fraudulent inducement. The Criterion Defendants are incorrect about this. *See McKenzie v. Tom Gibson Ford, Inc.*, 295 Ark. 326, 330 (1988) (recognizing a

plaintiff's conversion claim against a defendant who delivered her check to a third party "in direct violation of the understanding that the check would be returned to her," and grounding its ruling in "[t]he exclusive right of an owner of property to decide how he will allocate his funds"). The Criterion Defendants also appear to argue in the alternative that they cannot be liable for the conversion of funds that were paid or transferred to persons or entities other than the Criterion Defendants, and that the Second Amended Complaint fails to identify with sufficient clarity which funds were paid to whom. But even assuming purely for the sake of argument that they are correct on this point, *but see id.* at 329–30 ("conversion need not be . . . for the defendant's use: if the defendant exercises control over the goods in . . . defiance[] of the plaintiff's right, it is a conversion, whether it is for his own use or another's use" (quoting *Big A Warehouse Distribs., Inc. v. Rye Auto Supply, Inc.*, 19 Ark. App. 286, 290 (1986)) (emphasis removed)), Butterball has amply pled facts supporting a reasonable inference that the Criterion Defendants converted *some* amount of Butterball's funds. The general notice required by Rule 8, *Twombly*, and *Iqbal* has been satisfied, and the finer details may be fleshed out in discovery.

As for Butterball's civil conspiracy claim, Arkansas law defines it *inter alia* as "a combination of two or more persons to accomplish a purpose that is unlawful or oppressive . . . to the injury of another." *Mason v. Funderburk*, 247 Ark. 521, 529 (1969). As explained above, Butterball has alleged sufficient facts to support claims against the Criterion Defendants for fraud and conversion of Butterball's funds. Clearly, fraud and conversion are unlawful acts, and just as clearly, the loss of funds is an injury. And as already explained above, the Second Amended Complaint also alleges in great detail how the Criterion Defendants cooperated amongst themselves and with others to

5

accomplish these unlawful ends. The Criterion Defendants' argument that the Second Amended Complaint fails to state a claim of civil conspiracy is without merit, and the Court does not believe any further elaboration on this point is necessary.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Criterion Energy, LLC's, Jourdan Anderson's, and Heather Anderson's Motion to Dismiss Counts I, II, and III (Doc. 35) is **DENIED**.

**IT IS SO ORDERED** on this 7th day of October, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6